Peter Flood & others *vs.* Henry Flood.

The heirs at law of the owner of a tenement who in his lifetime had let it to his illegitimate son, cannot sustain an action for use and occupation thereof after the father's death, when such use and occupation have been continued by the son under a claim of right, and in the belief that he was legitimate.
Prior to Gen. Sts. *c.* 90, § 25, a tenant at sufferance was not liable to pay rent.

Contract for use and occupation.   The plaintiffs were the heirs at law of Patrick Flood, and the defendant was his illegitimate son.    At the trial in the superior court the plaintiffs introduced evidence tending to show that the defendant occupied the tenement in question for some time before his father's death at a specified rent, and that he continued to occupy the same for four months after his father's death.    The defendant introduced evidence tending to show that he did not occupy as a tenant paying rent to his father, but under his father's license ; that he always believed himself legitimate, and was brought up as such in his father's family ; and that upon his father's death he claimed the right, as an heir, to stay in the house and have a share with the rest, and told the plaintiffs that he should pay no rent. The plaintiffs requested the court to instruct the jury that if the defendant was a tenant of Patrick Flood before, up to and at the time of Patrick's death, and continued to occupy the same tenement thereafter, he could not, if he was not in fact an heir of Patrick, set up that he claimed to hold as an heir, and thus defeat the right of the real heirs to recover in this action.    But *Rockwell*, J., declined so to instruct the jury ; and

instructed them that if they were satisfied that the defendant for some months previous and up to the time of Patrick's death had hired the tenement at a specified rent, and that for four months thereafter he continued to occupy the tenement as before, without any further or other claim, they were authorized to find for the plaintiffs, for the use and occupation for said four months; but if they were not satisfied that the relation of landlord and tenant ever existed between Patrick Flood and the defendant in the lifetime of Patrick, or if they were satisfied that, immediately upon the death of Patrick, the defendant gave the plaintiffs notice that he should not pay rent, but claimed a right to occupy the tenement thereafter without paying any rent therefor, they were authorized to find a verdict for the defendant; and that the burden of proof was on the plaintiffs to satisfy the jury that the defendant did not, after Patrick's death, claim any right to occupy the tenement without the payment of rent, or give notice to the plaintiffs that he should not pay rent.

The jury found a verdict for the defendant, and the plaintiffs alleged exceptions. '

*D. S. Richardson*, (*A. C. Varnum* with him,) for the plaintiffs.

*T. H. Sweetser*, (*W. S. Gardner* with him,) for the defendant.

CHAPMAN, J. It appears that the defendant supposed himself to be a legitimate heir of Patrick Flood, and therefore remained in possession after his death, claiming under him. This negatives the idea of a tenancy under the plaintiffs. But, independently of this consideration, the death of Patrick Flood terminated the tenancy at will under him, and thereupon the defendant became tenant at sufferance. *Hollis* v. *Pool*, 3 Met. 350. By the common law, a tenant at sufferance is not liable to an action for rent. *Delano* v. *Montague*, 4 Cush. 42. The law has been changed in this respect by Gen. Sts. *c*. 90, § 25; but that does not affect this case.          *Exceptions overruled.*